IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Hall ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2097(JGP) |
| ) | |
| J. Paul's D.C. LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ANSWER TO AMENDED COMPLAINT

Defendants J. Paul's D.C. LLC and Capital Restaurant Concepts, Ltd. ("Defendants"), by and through undersigned counsel, answers Plaintiff Anthony Hall's ("Plaintiff's") Amended Complaint against Defendants (" Amended Complaint"), and by way of setting forth its affirmative defenses, states and alleges as follows:

1. The allegations contained in Paragraph 1 of the Amended Complaint are jurisdictional to which no response is required. To the extent any further response is required, Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendants admit that Plaintiff patronized J. Paul's Restaurant on or about October 9, 2004. Defendants further admit that they operate J. Paul's Restaurant, and that the address for J. Paul's Restaurant listed by Plaintiff in the Amended Complaint is correct. Defendants are without sufficient knowledge as to Plaintiff's allegation in the second sentence of Paragraph 2, and to the extent any further response is required, Defendants deny the allegations in the second sentence of Paragraph 2 of the Amended

Complaint. Defendants deny the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint.

5. The allegations contained in Paragraph 5 of the Amended Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

6. The allegations contained in Paragraph 6 of the Amended Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

7. The allegations contained in Paragraph 7 of the Amended Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the conclusion of the Amended Complaint. Defendants deny each and every allegation

and/or inference contained in the Amended Complaint that is not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against the Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks jurisdiction because Plaintiff's injuries were not caused by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to join necessary and indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against Defendants because Defendants' employees were acting outside the scope of their employment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants' employees were acting in self-defense and/or in the defense of others.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused by others.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of consent.

WHEREFORE, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice, and that Defendants be granted judgment against Plaintiff for costs and attorneys' fees, and any other relief this Court deems appropriate.

DATED: November 7, 2005

        Respectfully submitted,

        KRUPIN O'BRIEN LLC

By:    /s/_____
     Ari Karen (DC Bar No. 457189)
     Kara M. Maciel (DC Bar No. 477363)
     Krupin O'Brien LLC
     1156 Fifteenth Street, N.W., Suite 200
     Washington, D.C. 20005
     Phone: (202) 530-0700
     Fax:   (202) 530-0703

     Counsel for Defendants
     J. Paul's D.C. LLC and
     Capital Restaurant Concepts, Ltd.