IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Hall             ) | |
|         Plaintiff,     ) | |
| v.                       ) | Case No. 05-2097(JGP) |
| J. Paul's D.C. LLC, et al. ) | |
|         Defendants.   ) | |

**DEFENDANTS' STATEMENT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f); Local Civil Rule 16.3(d) and this Court's November 22, 2005 Order for Initial Scheduling Hearing ("Order"), Defendants J. Paul's D.C., LLC and Capital Restaurant Concepts, Ltd. (collectively "Defendants") respectfully submit the following Statement and Discovery Plan.

**STATEMENT AND DISCOVERY PLAN**

On December 9, 2005, counsel for the parties conferred via telephone about the status of this case and the discovery plan. At the conclusion of the telephone meeting, Plaintiff's counsel agreed to draft the Joint Statement and Discovery Plan memorializing what was discussed and the issues agreed upon, and send to counsel for Defendants on Monday, December 12, 2005 for review and authorization prior to filing with the Court.

Contrary to this agreement, counsel for Plaintiff has not circulated the draft Joint Statement and Discovery Plan to Defendants. Accordingly, in order to comply with this Court's November 22, 2005 Order in a timely manner, Defendants hereby submit this Statement and Discovery Plan setting forth Defendants' positions on the matters raised in the Order.

1. **A brief statement of the case and the claims or defenses relied upon by each party.**

Plaintiff Anthony Hall ("Hall") asserts in his Amended Complaint that in the early morning hours of October 9, 2004, when he was patronizing J. Paul's Restaurant ("J. Paul's"), in Georgetown, Washington, D.C., he was involved in a physical altercation with another patron of the restaurant. Hall claims that during this altercation an employee of J. Paul's broke up the fight and forcibly escorted Hall out of the restaurant. Hall alleges that while he was escorted out of J. Paul's, the employee used excessive force and injured his back and his ankle. Hall is claiming damages as a result of the injuries he allegedly suffered by J. Paul's employee.

Defendants have several meritorious defenses to Hall's claims. Defendants have evidence that Hall was involved in numerous altercations that evening and that at the time he left J. Paul's premises he had not sustained any injuries. There is simply no evidence that Hall was injured, or that any alleged injuries were proximately caused by Defendants. Further, given Hall's disruptive and violent behavior that evening, he is estopped from asserting any claims against those persons or entities reasonably acting in self-defense, and/or in defense of others.

2. **Whether there are any pending motions.**

There are no pending motions as of the date of this filing.

3. **Whether the parties anticipate any amendments to their pleadings and the date on which the court can expect any amendments.**

Defendants do not anticipate any amendments to their pleadings.

**4. Whether the case can be assigned to a Magistrate Judge for all purposes including trial.**

Defendants believe that this case should not be assigned to a Magistrate Judge for all purposes at this point in time, but believe that it may be helpful at some point to assign a Magistrate Judge for some purposes.

**5. Whether there is a realistic possibility of settling the case.**

Defendants believe that at some point in the future it may be possible to settle this case.

**6. Whether the parties believe the case could benefit from the court's alternative dispute resolution (ADR) procedures or some form of alternative dispute resolution.**

Defendants do not believe that ADR would be beneficial at this stage of the litigation, but believe that ADR may be beneficial after discovery and/or determinations on motions for summary judgment.

**7. Whether the case can be resolved on summary judgment or a motion to dismiss; the dates for filing dispositive motions and/or cross motions, opposition and replies, and whether a hearing is requested.**

Defendants believe that this case may be amenable to resolution on summary judgment; that the Court should set a deadline for filing summary judgment motions of one month after the close of the discovery period; and that the time for oppositions and replies should be as stated in Local Civil Rule 7.

      **8.**    **Whether the parties can agree on the exchange of certain information, for example, names and addresses of witnesses, relevant documents, computation of damages, the existence and amount of insurance, without formal discovery.  If so, the date(s) on which such information will be exchanged.**

Defendants believe that the initial disclosures required by Rule 26(a)(1) should not be dispensed with, and request that the Court order that such disclosures be made 14 days after the issuance of the Rule 16(b) order.

      **9.**    **The discovery contemplated in this case, that would include the number of depositions each party proposes to take, the number of sets of interrogatories, time limits on the taking of depositions, a limit on the number of interrogatories in each set, whether a protective order is appropriate, the date for completion of all discovery, including answers to interrogatories, document production, requests for admission and depositions.**

Defendants propose that the Court order that all fact discovery in this action (including answers to interrogatories, document production, requests for admission and depositions) be completed within four months after the issuance of the Rule 16(b) order.  Defendants further propose that the limits on discovery imposed by the Federal Rules of Civil Procedure apply to all fact discovery.  Defendants do not believe a protective order is appropriate in this case.

      **10.**    **The dates for the exchange of expert witness information pursuant to Fed. R. Civ. P. 26(b)(4), and for taking depositions or discovery of experts.**

Defendants propose that the timing of the exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified so expert discovery will occur within the same period as fact discovery, and therefore request that the Court order that Rule 26(a)(2) Expert Disclosures be made 45 days prior to the close of the fact discovery period, that Rule 26(a)(2)(C) Rebuttal Expert Disclosures be made three weeks before the close of fact discovery, that expert discovery (including answers to interrogatories, document production, requests for

admission, and depositions) be completed by the close of fact discovery, and that any *Daubert* motions be filing with summary judgment motions one month after the close of the discovery period.

**11.    Whether the discovery and/or the trial should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Defendants believes that discovery and trial should not be bifurcated.

**12.    The parties shall discuss a date for a pretrial conference having in mind that the pretrial conference should be scheduled 30 to 60 days prior to the trial.**

Defendants request that the Court order that the final pretrial conference take place two months after the deadline for summary judgment motions, and set a date for such conference.

**13.    Whether the Court should set a firm trial date.**

Defendants request that the Court set a trial date at a later status hearing.

Respectfully submitted,

KRUPIN O'BRIEN, LLC

By:    _____/s/_____
Ari Karen (Bar No. 457189)
Kara M. Maciel (Bar No. 477363)
1156 Fifteenth Street, N.W., Suite 200
Washington, D.C. 20005
(202) 530-0700
(202) 530-0703 Facsimile

Date:    December 12, 2005    Counsel for Defendants
J. Paul's DC, LLC and
Capital Restaurant Concepts, Ltd.