IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Hall ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2097(JGP) |
| ) | |
| J. Paul's D.C. LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS**

Defendants J. Paul's D.C., LLC ("J. Paul's") and Capital Restaurant Concepts, Ltd. (collectively "Defendants"), by undersigned counsel and pursuant to Fed R. Civ. P. Rule 37, hereby move this Court to compel Plaintiff Anthony Hall ("Plaintiff" or "Hall") to respond to interrogatories and to produce documents served on him by Defendants in a prompt and timely manner. In addition, Defendants request this Court sanction Plaintiff for his non-compliance with the discovery rules and award Defendants costs and attorneys' fees in filing this Motion.

Defendants served on Plaintiff their First Request for Production of Documents and First Set of Interrogatories on December 5, 2005. *See* Defendants' Exhibit A & B. To date, Plaintiff has wholly failed to respond to Defendants' discovery requests. Plaintiff has provided no response, has requested no extension, and has ignored multiple communications aimed at obtaining the outstanding discovery. Plaintiff has shown complete disregard for and disinterest in complying with his obligations to respond to discovery. Consequently, Defendants respectfully request this Court compel Plaintiff to

respond to the discovery requests in a timely manner and reimburse Defendants for the cost and time of filing this motion.

## PROCEDURAL BACKGROUND

Plaintiff initially filed an Amended Complaint in the Superior Court for the District of Columbia. On October 26, 2005, Defendants timely removed this action to this Court based diversity jurisdiction. On December 5, 2005, after filing their Answer to the Amended Complaint, Defendants served written discovery on Plaintiff, including a First Set of Interrogatories and First Request for Production of Documents. The Court, through its Scheduling Order, has established a discovery deadline of April 22, 2006. To date, Plaintiff has wholly failed to respond or object to Defendants' discovery requests.

## FACTUAL BACKGROUND

Plaintiff's claims are wholly predicated on the financially convenient assumption that his alleged injuries -- suffered on a night where he admits to being involved in numerous altercations -- were the result of being escorted out of J. Paul's notwithstanding the fact that immediately after leaving the establishment Plaintiff reported he was not injured in any manner. Plaintiff -- who claims to have suffered back and ankle injuries -- was initially in a fight on the night of October 9, 2004, in which J. Paul's employees intervened once Plaintiff was seen lying face down on a flight of steps, underneath a large man, being punched in the back. Pursuant to J. Paul's policy, once Plaintiff was assisted, he was asked to leave the bar. Although initially Plaintiff agreed to do so, he came back later that evening attempting to instigate additional physical altercations. At this point, J. Paul's employees were forced to escort Plaintiff out of the restaurant.

In fact, Plaintiff exhibited such disruptive and violent behavior towards J. Paul's employees that the managers at J. Paul's had no choice but to call the police to respond to Hall's behavior. Indeed, Hall was arrested for unlawful entry when he attempted to enter J. Paul's in direct contravention of the responding officer's instructions. At the time of Hall's arrest, the police officer specifically noted in his official police report that Hall did not suffer any injuries. Thus, Hall cannot demonstrate in this case either that he was injured on the night of October 9, 2004 or that, if he did suffer injuries, they were proximately caused by Defendants. Further, given Hall's disruptive and violent behavior that evening, he is estopped from asserting any claims against those persons or entities reasonably acting in self-defense and/or in defense of others.

In furtherance of their defense that Hall cannot demonstrate that any employee of J. Paul's proximately caused any injury to Hall on the evening of October 9, 2004, Defendants propounded written discovery requests to Hall on December 5, 2005. *See* Defendants' Exhibit A & B. In flagrant disregard of the Federal Rules of Civil Procedure, Plaintiff, without good cause, has willfully failed to respond to Defendants' discovery requests. On January 10, 2006, Defendants sent Plaintiff a letter requesting a response to the outstanding discovery. *See* Defendant's Exhibit C. Plaintiff, again, ignored Defendants' request and failed to explain his inaction. No excuse for Plaintiff's failure to respond was given to Defendants. Plaintiff's conduct has severely prejudiced Defendants' ability to gather the necessary information to support their defenses in this action. In effect, Plaintiff's recalcitrance has completely halted the discovery process -- as without responses to discovery, Defendants cannot proceed with depositions --

frustrating Defendants' ability to litigate this case. An Order from this Court compelling Plaintiff's response is, therefore, appropriate.

## ARGUMENT

### I. Plaintiff Should be Compelled to Respond to Defendants' Discovery Requests.

Under the Federal Rule of Civil Procedure, a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). When a party fails to answer discovery required by Rule 26(a), including interrogatories and request for documents, the party serving the discovery may move for a court order pursuant to Rule 37(a). Fed. R. Civ. P. 33(b)(5); 34(b); 37(a).

Moreover, pursuant to Rule 37(d), a direct order by the Court is not a prerequisite to the imposition of sanctions, and the Court may award relief to a party if the opposing party fails to answer interrogatories or respond to a request for documents. Fed. R. Civ. P. 37(d). Indeed, a failure to file a timely objection to interrogatories or a request for production of documents constitutes a waiver of any objection unless good cause is shown. *See* Fed. R. Civ. P. 33(b)(4); *Byrd v. Reno*, 1998 WL 429676 (D.D.C. Feb. 12, 1998) (holding that a party's failure to respond to interrogatories or to a request for production of documents compels the conclusion that the untimely objection is waived) (citations omitted).

An order compelling disclosure is warranted in this case. Defendants' discovery went to the core of the claims and defenses in this case and is patently relevant under Rule 26. The information requested by Defendants in their Interrogatories and Requests for Documents included information concerning, but not limited to, the following:

- Individuals with knowledge regarding Plaintiff's allegations;

4

- Documentation related to Plaintiff's arrest and subsequent criminal prosecution as a result of his unlawful entry arrest at J. Paul's on October 9, 2004;

- Medical records and documentation of medical treatment concerning the injuries allegedly sustained by Plaintiff as a result of Defendants' alleged actions;

- Wages and all forms of income received from October 1, 2004 to the present;

- Identification of all damages allegedly suffered by Plaintiff; and

- Identification of all actions, incidents or events that Plaintiff claims was unlawful or improper by Defendants.

*See* Defendants' Exhibit A & B.

Without this basic, but critical, information, Defendants cannot possibly lodge an adequate defense to Plaintiff's claims. Specifically, Defendants cannot challenge Plaintiff's allegation that his injuries were allegedly proximately caused by Defendants' employees -- an essential element of Plaintiff's negligence claim. Additionally, Defendants cannot quantify the amount of damages that Plaintiff is allegedly seeking for medical costs, loss of work, and emotional damages. Finally, and most importantly, Defendants cannot identify key witnesses, who were present with Plaintiff at J. Paul's on the evening of October 9, 2004 when he was arrested, that could support the defense in this case.

Plaintiff initiated this case, but since the filing of the Amended Complaint, he has done little to nothing to prosecute his personal injury action. Plaintiff simply cannot be

permitted to rest on his laurels doing nothing, while Defendants expend significant costs and attorneys' fees defending this action, including the filing of the instant Motion. To date, Plaintiff has not propounded any discovery on Defendants in this action. Furthermore, Plaintiff has effectively put a standstill on discovery in this case, as Defendants cannot possibly prepare for depositions without Plaintiff's responses to discovery.

There is simply no good excuse for Plaintiff to require Defendants to seek judicial intervention in a matter that with simple attention to the Federal Rules of Civil Procedure would have been avoided. In short, Plaintiff's inexcusable failure to respond to discovery requires an Order from this Court compelling responses to the Interrogatories and Requests for Production of Documents in a timely manner, as well as an award of attorneys' fees and costs to Defendants for having to brief this issue before the Court.

### II.  Plaintiff Should be Ordered to Pay Defendants' Costs and Attorneys Fees for Filing This Motion.

In addition to an Order compelling responses to Defendants' discovery, Defendants respectfully request an award of attorneys' fees and costs against Plaintiff. Pursuant to Rule 37(a)(4), a court may award to Defendants their reasonable expenses, including attorneys' fees, incurred as a result of filing the motion to compel due to Plaintiff's nondisclosure. Fed. R. Civ. P. 37(a)(4).

Plaintiff's conduct is inexcusable and he has no substantial justification for failing to respond to Defendants' discovery. Plaintiff has not responded, has not made any request for extension, has not offered any excuse or apology for his failure to respond, nor taken any action to demonstrate any regard for Defendants' counsel, or the rules of discovery. Plaintiff's conduct should not be condoned by allowing Plaintiff to increase

Defendants' litigation costs through wanton disregard for the rules of discovery. As discussed above, Plaintiff's conduct has severely prejudiced Defendants' ability to gather the necessary information to support their defenses in this action and altogether halted discovery. Accordingly, an award of costs and attorneys' fees is appropriate to reimburse Defendants and deter Plaintiff's continued disregard for the rules of discovery.

## CONCLUSION

For the foregoing reasons, Defendants requests the Court grant its Motion to Compel, and award Defendants' its attorneys' fees and costs associated with this Motion.

Respectfully submitted,

/s/
Ari Karen (D.C. Bar No. 457189)
Kara M. Maciel (D.C. Bar No. 477363)
KRUPIN O'BRIEN LLC
1156 Fifteenth Street, N.W
Washington, D.C.  20005
(202) 530-0700 (telephone)
(202) 530-0703 (facsimile)

Counsel for Defendants

## LOCAL RULE 7.1(m) STATEMENT

I certify that on January 10, 2006, Defendants' counsel conferred in good faith with Plaintiff via correspondence regarding Defendants' discovery request. Upon information and belief, Defendants' motion to compel and for sanctions is opposed.

/s/
Ari Karen