IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Hall ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2097(JGP) |
| ) | |
| J. Paul's D.C. LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO PROSECUTE**

Defendants J. Paul's D.C., LLC and Capital Restaurant Concepts, Ltd. (collectively "Defendants"), by undersigned counsel and pursuant to Fed R. Civ. P. Rule 41(b), hereby move this Court to dismiss with prejudice the Amended Complaint filed against them for the Plaintiff's failure to prosecute his claims.

**RELEVANT BACKGROUND**

Since filing this lawsuit, Plaintiff has failed to prosecute this case, prejudicing Defendants' ability to expeditiously dispose of Plaintiff's frivolous claims. Plaintiff alleges to have suffered back and ankle injuries sustained while being removed from Defendants' restaurant, J. Paul's, on the night of October 9, 2004. However, after being properly escorted from J. Paul's for his threatening and violent conduct, Plaintiff told police -- who had to be called to the scene due to Plaintiff's uncontrollable, disorderly behavior -- that he was uninjured and unharmed. *See* Metropolitan Police Department Report dated October 9, 2004 at paragraph 58 (noting that Plaintiff suffered no injuries after being removed from J. Paul's) (attached hereto as Exhibit A). Moreover, even if Plaintiff had suffered injuries -- which he clearly had not – they would have been the

result of prior altercations that lead to Plaintiff's removal from the restaurant.  Indeed, earlier that night Plaintiff was involved in an altercation wherein he ended up face down on a flight of steps with a very large man straddling his back, punching him in the back.

Thus, Plaintiff cannot demonstrate in this case either that he was injured on the night of October 9, 2004 or that, if he did suffer injuries, they were proximately caused by Defendants.  Further, given Plaintiff's disruptive and violent behavior that evening, he is estopped from asserting any claims against those persons or entities reasonably acting in self-defense and/or in defense of others.  As such, Plaintiff's claims are frivolous and only remain pending before this Court because he has failed to respond to Defendants' discovery requests.

In fact, since this case was removed to this Court, on October 26, 2005, Plaintiff has done almost nothing in furtherance of his case.  For instance, at the outset of this case, counsel for Plaintiff never circulated the draft Joint Statement and Discovery Plan to Defendants.  To comply with this Court's November 22, 2005 Order in a timely manner, Defendants filed and served the Defendants' Statement and Discovery Plan setting forth their positions on the matters raised in the Order.[1]

Moreover, Defendants served written discovery on Plaintiff, including a First Set of Interrogatories and First Request for Production of Documents, on December 5, 2005. Plaintiff wholly failed and/or refused to provide any objections or responses to this discovery, despite reminders from Defendants' counsel and in direct contravention of this Court's Local Rules.  Plaintiff failed to provide any responses, request for extension, or mere acknowledgement of Defendants' attempts at communication regarding Plaintiff's

---

[1] It was only after Defendants filed and served the required Discovery Plan that Defendants received Plaintiff's Joint Scheduling Statement, which despite its title was neither "joint" nor in compliance with the Court's Order.

2

discovery obligations. After the responses were overdue, Defendants contacted Plaintiff by letter in an effort to resolve the delinquency. *See* letter dated January 10, 2006 attached hereto as Exhibit B. Plaintiff again failed and/or refused to contact Defendants regarding the outstanding discovery or in any manner respond; therefore, Defendants were forced to file a Motion to Compel discovery responses on January 26, 2006. To date, Plaintiff has, unsurprisingly, failed to respond to Defendants' discovery requests, failed to attempt any communication with Defendants' counsel, failed to respond to the Motion to Compel, and failed to provide any acknowledgement of Plaintiff's continued desire to participate in this litigation.

Plaintiff's non-compliance in his discovery obligations and ultimate failure to prosecute this action has prejudiced Defendants' ability to gather the necessary information to move for summary judgment, thereby increasing Defendants' costs and unnecessarily clogging this Court's docket. Plaintiff's recalcitrance has completely halted the discovery process, preventing Defendants from proceeding with depositions or otherwise developing the numerous and meritorious defenses that are already apparent from the face of the Amended Complaint. In short, Plaintiff has completely frustrated Defendants' ability to litigate this case and this Court's ability to dispose of his patently frivolous claims. Accordingly, Defendants' Motion to Dismiss should be granted.

## ARGUMENT

Under the Federal Rules of Civil Procedure ("Federal Rules"), a defendant may move for dismissal of an action or any claim filed against him for failure to prosecute the action or failure to comply with the Federal Rules. Moreover, unless otherwise specified

by the Court, such dismissal operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). "Dismissal for failure to prosecute is within the discretion of the district court." *Wrenn v. Walters*, 1988 WL 76595 *1 No. 86-5325 (D.C. Cir. 1988). "Dismissal for want of prosecution will be reversed only upon a finding of abuse of discretion." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985); *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186 (D.C. Cir. 1985). All pertinent circumstances in the particular case must be examined and weighed in determining whether dismissal is the appropriate course. *Lepkowski v. U.S. Dept. of Treasury*, 804 F.2d 1310, 1319 (D.C. Cir. 1986). Hence, this Court has broad power and discretion in determining whether to dismiss a case under Federal Rule 41.

Plaintiff's actions are inexcusable. Not only has he failed to provide any indication of his continued prosecution of this case, but he has also remained non-responsive to both his discovery obligations and Defendants' attempts at communication. Most recently, Plaintiff has ignored this Court's local rules governing motion's practice by failing to respond to Defendants' Motion to Compel. This is especially troubling as Plaintiff is the only source of information about much of his claims, including, medical records, medical providers, and documentation of purported medical treatment concerning his alleged injuries.

Plaintiff initiated this case, but since the filing of the Amended Complaint, he has done little to nothing to prosecute his personal injury action. Plaintiff simply cannot be permitted to rest on his laurels doing nothing, while Defendants expend significant costs and attorneys' fees defending this action, including the filing of the instant Motion. Indeed, Defendants submit that given the obvious speciousness of Plaintiff's claims, the responses to the outstanding discovery may alone provide a basis to immediately dismiss this action. The Plaintiff's actions have prejudiced the Defendants and unnecessarily clogged this Court's docket. Accordingly, this Court should exercise its discretion and dismiss this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss with prejudice and grant the Defendants' such further relief as the Court deems appropriate, including costs and attorneys' fees expended in filing this Motion.

Dated: February 22, 2006          Respectfully submitted,

　　/s/_____
Ari Karen (D.C. Bar No. 457189)
Kara M. Maciel (D.C. Bar No. 477363)
KRUPIN O'BRIEN LLC
1156 Fifteenth Street, N.W
Washington, D.C. 20005
(202) 530-0700 (telephone)
(202) 530-0703 (facsimile)

Counsel for Defendants